**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **L.S.**

**No. 22-651** (Randolph County 22-JA-01)

**MEMORANDUM DECISION**

Petitioner Mother S.S.[1] appeals the Circuit Court of Randolph County's July 13, 2022, order terminating her parental rights to L.S.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Petitioner previously appealed the prior termination of her parental rights to another child, M.N., and this Court affirmed. *See In re M.N.*, No. 20-0370, 2020 WL 7260052 (W. Va. Dec. 10, 2020)(memorandum decision). While we need not fully recount the facts underlying that prior appeal, we note that the circuit court terminated petitioner's parental rights to M.N. due, in part, to her failure to address her ongoing substance abuse. *Id.* at *1-2. The court involuntarily terminated petitioner's parental rights to M.N. by order entered on February 13, 2020. *Id.*

In January of 2022, after petitioner gave birth to L.S., the DHHR filed a petition alleging that petitioner abused methamphetamine while pregnant with L.S. and attended only two prenatal doctor visits. The DHHR further alleged that petitioner had no independent housing and no means of income. The petition also included the circumstances surrounding the prior involuntary termination of petitioner's parental rights in 2020. The DHHR further alleged that the worker interviewed the purported father of L.S. who admitted to struggling with methamphetamine. At that time, the father was incarcerated for a drug possession charge and had two pending criminal charges for possession of a controlled substance from November and December of 2021. In February of 2022, petitioner waived her preliminary hearing, and the circuit court ordered her to participate in random drug screening.

---

[1]Petitioner appears by counsel Gregory R. Tingler. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney Katica Ribel. Melissa T. Roman appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

At the adjudicatory hearing in March of 2022, petitioner stipulated that she abused illicit substances while pregnant with L.S., and the circuit court adjudicated her as an abusing parent. That same month, petitioner filed a motion for a post-adjudicatory improvement period or, in the alternative, a dispositional improvement period. In April of 2022, the DHHR filed a motion to terminate petitioner's parental rights to L.S.

The circuit court held a dispositional hearing in June of 2022 at which the DHHR presented evidence that petitioner abused methamphetamine while pregnant with L.S.; tested positive for methamphetamine twice during the proceedings; and had not attended counseling, drug treatment, or parenting education classes since the prior termination of her parental rights. Petitioner testified that she abused methamphetamine "slightly" before L.S.'s birth but denied drug use after the child's birth in January of 2022. She acknowledged that her blood draws in January and March of 2022 produced positive results for methamphetamine but denied using methamphetamine. Petitioner stated that she had obtained a home and employment and that she no longer associated with individuals with drug histories. Petitioner testified that she was willing to abide by the terms of an improvement period, and she claimed a material change in circumstances since the termination of her parental rights to M.N.

The court found that the DHHR proved that petitioner had not experienced a change in circumstances since her 2020 proceedings, as evidenced by petitioner's continued substance abuse that resulted in L.S.'s drug-exposed birth. The court also found that petitioner had not sought counseling or any other treatment to address her drug addiction. It relieved the DHHR of its duty to make reasonable efforts to preserve the family due to the prior termination of petitioner's parental rights and denied petitioner's motion for an improvement period. The court found that petitioner was unable and unwilling to adequately provide for the child's needs. It concluded that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's best interests. Accordingly, the court terminated petitioner's parental rights to L.S.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in denying her request for a dispositional improvement period as an alternative to the termination of her parental rights. In support, petitioner claims that she experienced a change in circumstances since her prior termination.

This Court has held the following:

"[W]here there has been a prior involuntary termination of parental rights to a sibling, the issue of whether the parent has remedied the problems which led to the prior involuntary termination sufficient to parent a subsequently-born child must, at minimum, be reviewed by a court[.] . . . [T]he legislature has reduced the

---

[3]The father's parental rights were terminated below. The permanency plan for L.S. is adoption by his foster family.

minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code [§ 49-4-605] is present." Syllabus Point 2, *In re George Glen B., Jr.*, 205 W.Va. 435, 518 S.E.2d 863 (1999).

Syl. Pt. 3, in part, *In re George Glen B., Jr.*, 207 W. Va. 346, 532 S.E.2d 64 (2000).

Here, the record shows that petitioner failed to correct the conditions that led to the prior termination of her parental rights. She continued to abuse methamphetamine prior to L.S.'s birth, resulting in the abuse of that child. Further, she twice tested positive for methamphetamine during the proceedings below. Petitioner did not seek counseling or drug treatment or otherwise attempt to address her active drug addiction. Petitioner testified below that she no longer associated with individuals with drug histories, yet in her brief on appeal, she admits that she remains in a long-term committed relationship with L.S.'s father who has a lengthy criminal history of drug possession charges and admitted struggling with addiction. Simply put, petitioner failed to rebut the DHHR's evidence that she had no change of circumstances since the prior termination of her parental rights. Accordingly, the circuit court found that the granting of an improvement period was unwarranted. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) ("The circuit court has the discretion to deny a motion for an improvement period when no improvement is likely."). As such, we find no error in the circuit court's decision to deny petitioner's motion for an improvement period in lieu of termination.

Additionally, we find no error in the termination of petitioner's parental rights. As discussed above, the record supports the circuit court's finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect and that termination was necessary for the child's welfare. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon these findings). Moreover, "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (citation omitted). As the court's findings are fully supported by the record, we find no error in the termination of petitioner's parental rights rather than the imposition of a less restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 13, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: May 16, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3